UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ERWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-00406 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein. The court will also deny plaintiff's pending motion for CM/ECF password, ECF No. 3, as moot.

Plaintiff is seemingly a resident of Washington, D.C., however, the Clerk of Court's attempts to send plaintiff mail at the address provided have been returned as undeliverable. *See* ECF No. 4. Preliminary, the Local Rules of this court require that a first filing shall include, in the caption, a plaintiff's name and full residence address, and should that contact information change, a plaintiff is obligated to provide the court with updated contact information within 14 days. *See* D.C. LCvR 5.1(c)(1). Without this information, the court is unable to formally communicate with plaintiff, and this matter is subject to dismissal. *See id.*

It is of utmost importance that *pro se* litigants comply with the Local and Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S.

1

662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia,* 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant complaint falls within this category.

Here, plaintiff raises issues regarding determinations made by the Foreign Service Grievance Board ("FSGB") approximately two decades ago.  *See* Compl. at 2–5.  He sues the United States, Katherine Kaetzer-Hodson (the current Executive Secretary of the FSGB), and Barbara Deinhardt ("the leading panel member of [plaintiff's] FSGB case #2003-013"), who resides in "Brooklyn, NY."  *Id.* at 1, 3.  The intended claims are, per plaintiff's own admission, unclear.  *See id*. at 2.  For example, plaintiff maintains that he "will make no attempt to refer to particular federal law in this instant complaint[.]"  *Id*.

Despite having filed a civil complaint, plaintiff vaguely alleges that the FSGB has committed "criminal acts" against him.  *Id*.  He contends that the Department of State and the FSGB, among others, have engaged in a conspiracy to intentionally "trick the [p]laintiff "out of his due process rights" "over the course of the past twenty years which should have prompted the Defendant to correct its erroneous decision-making processes."  *Id.* at 2–3.  The relief sought is

equally ambiguous. Plaintiff "requests that the court review the material . . . and order (a) that due process rights be granted and (b) the monetary amounts demanded from both the DoS [Department of State] and FSGB be granted." *Id.* at 4.

The ambiguous allegations comprising the complaint fail to provide adequate notice of a claim. *See Henderson v. Ratner*, 677 F. Supp. 2d 37, 39 (D.D.C. 2009) (dismissing all claims against FSGB and its members where plaintiff relied on "bald reference[s]" to a conspiracy against him), *aff'd*, No. 10–5035, 2010 WL 2574175 (D.C. Cir. June 7, 2010). This is of particular importance where, as here, plaintiff admits that he has been challenging the determinations and the actions of the FSGB and Department of State, administratively and in other courts, for years. *See id*. at 1–4. The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues that were already raised or could have been previously raised. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 946 (D.C. Cir. 1983).

Additionally, 22 U.S.C. § 4140 provides that "[a]ny aggrieved party may obtain judicial review of a final action of the . . . [Foreign Service Grievance] Board on any grievance in the district courts of the United States in accordance with the standards set forth in chapter 7 of Title 5, if the request for judicial review is filed not later than 180 days after the final action of . . . the Board." Per plaintiff's own allegations, these proceedings took place well beyond the statute of limitations to seek review from this court. *See* Compl. at 2–5.

Moreover, to the extent that plaintiff attempts to raise constitutional tort claims, he has failed to articulate adequately the deprivation of a protected right. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal

question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

And to whatever the extent plaintiff seeks damages, *see* Compl. at 4, sovereign immunity bars a suit against the United States except upon consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Here, plaintiff has neither pleaded nor established that there has been any waiver to suit for damages by the United States or by the named FSGB officials. *See Henderson*, 677 F. Supp. 2d at 42 (holding that FSGB officials "as employee(s) of the State Department" is tantamount to "a suit against the United States."). The "FSGB is an adjudicatory body whose members enjoy absolute immunity from damages suits in their personal capacity for the Board's adjudications." *Id.* at 42–3 (citing *Butz v. Economou*, 438 U.S. 478, 511–13 (1978)). "Thus, the . . . conspiracy claim and any other intended but unspecified claims against" FSGB officials in their personal capacities "must also be dismissed for lack of subject matter jurisdiction, if not lack of personal jurisdiction." *Id.* at 43.

For all of these reasons, the court will dismiss the complaint. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN  
United States District Judge

Dated: May 13, 2022